UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORFIRIO LAMARQUE,<br><br>    Plaintiff,<br><br> v.<br><br>JIM BARCUS, et al,<br><br>    Defendants. | **Case No.: 1:18-cv-01234 DAD JLT (PC)**<br><br>**ORDER REQUIRING PLAINTIFF TO SUBMIT A RESPONSE**<br><br>**(Doc. 16)**<br><br>**THIRTY-DAY DEADLINE** |

   Plaintiff has filed a first amended complaint asserting claims against employees of the California Department of Corrections and Rehabilitation. (Doc. 16.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Pleading Standard**

   A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state inmate housed at California Substance Abuse Treatment Facility Prison ("CSATF") in Corcoran, California. He names as defendants Jim Barcus, a supervisor with the Prison Industry Authority ("PIA"), an entity that contracts with the California Department of Corrections and Rehabilitation ("CDCR") and that employs CDCR inmates; John Doe 1, a manager with the PIA; and John Doe 2, Superintendent of

2

the PIA. Each of these individuals is sued in his individual capacity.

Plaintiff's allegations can be fairly summarized as follows:

On January 10, 2017, plaintiff was working overtime in the PIA's "peanut butter and jelly" factory, which is on CSATF grounds. Plaintiff took this position even though he was never offered training in that factory. The floor supervisor, Jim Barcus, ordered plaintiff to clean the big kettles with jelly in it, but another inmate yelled that one of the kettles was broken. Plaintiff reported this to Barcus, who told plaintiff to "quit fucking crying" and "the states to broke to fix things [*sic*]." When plaintiff asked, "what if I get hurt," Barcus responded, "your [*sic*] a prisoner, your safety doesn't matter." Barcus also threatened plaintiff with job termination and a write-up for refusal to follow instructions on a job assignment. In light of these threats, plaintiff opened the lid of one of the kettles to clean it, whereupon the lid fell hard on plaintiff's head causing significant injury. It was later discovered that the safety latch on this kettle was broken.

Plaintiff accuses Barcus of deliberate indifference, and he accuses all of the defendants of violating state law by failing to enforce safety precautions, failing to perform safety inspections, and failing to train inmate workers. He seeks damages.

### III. Discussion

#### A. "Under Color of State Law"

Plaintiff brings this civil rights action against three individuals whom he identifies as private-employees of the PIA. In order to proceed against them, plaintiff argues that the PIA's contract with the CDCR renders it a public entity and renders its employees public employees for purposes of this suit.

To state a claim under section 1983, a plaintiff must allege that the deprivation of a right secured by the federal constitution or statutory law was committed by a person acting under color of state law. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

The PIA, sometimes known as "CALPIA," is an entity within the CDCR that employs prisoners in agricultural and industrial positions. Cal. Gov't Code §§ 12838(a), 12838.6 (West 2018); Cal. Penal Code §§ 2701, 2805 (West 2018). Pursuant to this authority, the defendants named in this action appear to have been acting under color of state law at all times relevant to this action.

### B. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

The Eighth Amendment protects prisoners from inhumane conditions of confinement as well as inhumane methods of punishment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The prohibition against cruel and unusual punishment applies to all conditions within a prison, including work programs, medical care, housing facilities, security measures, etc. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 344-47 (1981). To be actionable, a prison official's conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock"). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 835–36 & n. 4 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

An unsafe workplace alone does not equal a per se violation of the Eighth Amendment. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). In the context of prisoner working conditions, the Eighth Amendment is implicated only when a prisoner alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed]

his life] or health, or cause[d] undue pain." Morgan, 465 F.3d at 1045, quoting Berry v. Bunnell, 39 F.3d 1056 (9th Cir. 1994). Prison officials are liable for a prisoner's workplace injury only if they were deliberately indifferent to a substantial risk of serious harm. Farmer, 511 U.S. at 837 ("the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference"); see Wilson, 501 U.S. at 298–99, 302–03 (the official must actually know of the risk yet fail to take reasonable measures to ensure the prisoner's safety); see also LeMaire v. Mass, 12 F.3d 1444 (9th Cir. 1993). Even "[i]f a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Farmer, 511 U.S. at 834.

Although a prison official's conduct need not have been undertaken for the purpose of causing an inmate harm before it violates the constitution, a "sufficiently culpable state of mind" requires that the conduct involve more than mere negligence. Farmer, 511 U.S. at 837, 847 (nothing less than recklessness in the criminal sense, that is, subjective disregard of a risk of harm of which the actor is actually aware, satisfies the "deliberate indifference" element of an Eighth Amendment claim). If the risk of harm was obvious, the trier of fact may infer that a defendant knew of the risk, but obviousness per se will not impart knowledge as a matter of law. Id. at 840–42.

Plaintiff accuses defendant Barcus of ordering him to clean multiple kettles despite having just been informed that one of the kettles was broken. When plaintiff expressed concern for his safety, Barcus responded, "your [*sic*] a prisoner, your safety doesn't matter." Though there is no allegation that Barcus knew how the kettle was broken, he refused to investigate to determine whether the kettle posed a substantial risk of harm. Thus, his statements support an inference, at least at this stage, that he was deliberately indifferent to a substantial risk of serious harm to plaintiff.

**C.     State Law Claims**

Plaintiff also brings state law claims against Barcus, Doe 1, and Doe 2 pursuant to California Government Code § 844.6(d) for negligence, willful negligence, gross negligence, and wanton misconduct. Plaintiff has properly alleged that he presented his claim to the California

5

Victim Compensation and Government Claims Board before initiating this case. <u>Munoz v. California</u>, 33 Cal. App. 4th 1767, 1776 (1995); <u>Willis v. Reddin</u>, 418 F.2d 702, 704 (9th Cir.1969); <u>Mangold v. California Public Utilities Commission</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." <u>Acri v. Varian Assoc., Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997).

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." <u>Brown v. Ransweiler</u>, 171 Cal. App. 4th 516, 534 (2009).

Willful negligence "occurs when a person with no intent to cause harm intentionally performs an act so unreasonable and dangerous that he [or she] knows, or should know, it is highly probable that harm will result." <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal. 4th 965, 1017 (1993) (quotation omitted) (brackets in original).

A claim of gross negligence requires "extreme conduct" that demonstrates either a "want of even scant care" or "an extreme departure from the ordinary standard of conduct." <u>City of Santa Barbara v. Superior Court</u>, 41 Cal. 4th 747, 754 (2007) (internal citations omitted).

Finally, "[w]illful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results." <u>Charpentier v. Von Geldern</u>, 191 Cal.App.3d 101, 113 (1987) (quoting <u>O'Shea v. Claude C. Wood Co.</u>, 97 Cal. App. 3d 903, 912 (1979)).

Plaintiff alleges that each of the defendants had a duty to train inmates and/or conduct safety inspections and/or enforce safety precautions, and their failure to do so resulted in severe injury to plaintiff. At the pleading stage, these allegations are sufficient to proceed against Barcus. However, they are too vague and conclusory to proceed against John Doe 1 and John Doe 2 because it is unclear in what capacity these defendants were responsible for training, conducting safety inspections, and/or enforcing safety precautions. The Court cannot not impute knowledge or duty to any of these individuals based solely on their titles.

**IV.     Conclusion**

Based on the foregoing, plaintiff's first amended complaint states a cognizable Eighth Amendment claim and state law claims against defendant Barcus. No other claims are cognizable as pled.

The Court will grant plaintiff an opportunity to file a second amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his first amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, findings and recommendations will issue, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, the Court **ORDERS** that:

1. Within thirty days from the date of service of this order, plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
2. If plaintiff fails to file a second amended complaint or a notice in compliance with this Order, then the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **October 4, 2019**　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE